UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHARED MEMORY GRAPHICS LLC,   No. C-10-2475 VRW (EMC)

        Plaintiff,

    v.   **ORDER RE DISCOVERY MOTIONS**

APPLE, INC., *et al.*,

        Defendants.
_____/

Discovery disputes in the above-referenced case have been assigned to the undersigned for resolution. The Court hereby orders as follows:

(1) The parties have filed cross-motions regarding the terms of a protective order. *See* Docket Nos. 270, 272. Oppositions have already been filed for those motions. Because the motions address largely the same issues, there is no need for any reply briefs. The Court shall hold a hearing on the cross-motions on **November 3, 2010, at 10:30 a.m.**

(2) Nintendo and Sony have written letters, dated October 7 and 14, 2010, respectively, contending that SMG's infringement contentions are inadequate. Nintendo and Sony, as well as any other Defendant who believes that the infringement contentions are inadequate, shall file motions to compel regarding the contentions by November 3, 2010.[1] Opposition briefs shall be filed by November 17, 2010, and reply briefs by November 24, 2010. A hearing on the motions shall be held

---

[1] If Defendants are able to file a joint motion, then, for the convenience of both the parties and the Court, they should do so.

on **December 15, 2010, at 10:30 a.m.** The opening motions and oppositions briefs shall be no longer than 15 pages each; the reply briefs shall be no longer than 5 pages each.

(3) It appears that, on August 23 and 25, 2010, SMG, Apple, and Samsung submitted letters to the assigned judge regarding ongoing discovery disputes. *See* Docket No. 256 (St. at 11). In addition, it appears that, on September 8, 10, and 15, SMG, Nintendo, Apple, Samsung, and Sony submitted additional letters to the assigned judge regarding ongoing discovery disputes. Because it is not clear that a good faith meet and confer took place regarding these disputes, and because the parties should be able to resolve many of these issues on their own without the need for judicial intervention, the Court orders the parties to conduct a good faith meet and confer on the disputes. Counsel with full and complete authority on discovery matters must participate in the meet and confer. The meet and confer must be in person, unless counsel is located outside the state in which case that counsel may participate by telephone.

If any disputes remain after the meet and confer, then the parties shall file a **joint** letter,[2] no longer than five single-spaced pages, identifying what each dispute is and the parties' respective positions. In discussing their positions, the parties should be sure to cite any relevant legal authority and identify their last offers of compromise. Only necessary exhibits should be attached to the joint letter. The parties are forewarned that, if any party takes a position that is not substantially justified, that party risks being sanctioned.

IT IS SO ORDERED.

Dated: October 21, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge

---

[2] The joint letter must be e-filed so that it is part of the Court record.