IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHARED MEMORY GRAPHICS,　　　　　　　　No C 10-02475 VRW

　　　　Plaintiff,

　　　　　　　　　　　　　　　　　　　　ORDER

　　v

APPLE INC, et al,

　　　　Defendants.

_____/

On June 9, 2010, defendant Nintendo Co, Ltd, and Nintendo of America Inc (collectively "Nintendo") filed a motion to disqualify Floyd & Buss as counsel for plaintiff Shared Memory Graphics ("SMG"). Doc #200 at 1. Nintendo asserts two grounds for disqualification: (1) Floyd & Buss possesses Nintendo's confidential information resulting from a joint defense agreement between Nintendo and Advanced Micro Devices ("AMD"); and (2) Floyd & Buss' representation of AMD and SMG amounts to a conflict of interest under the California per se disqualification rule. Doc

#200 at 6-7. Floyd & Buss counter that Nintendo waived the first ground for disqualification as part of a joint defense agreement and that Nintendo lacks standing to raise the second ground. Doc #242 at 5. The motion came before the court for hearing on September 2, 2010. For the reasons discussed below, the court GRANTS Nintendo's motion to disqualify Floyd & Buss as SMG's counsel.

I

This is a patent infringement case arising under 35 USC §§ 101 et seq. Doc #20 at 2. SMG alleges infringement by multiple defendants, including Nintendo, of United States Patent Numbers 5,712,664 ("'664 Patent") and 6,081,279 ("'279 Patent"). Doc #20 at 7-9. SMG alleges that the graphics accelerator systems in Nintendo's Wii and GameCube consoles use both on-chip and off-chip frame buffer memory elements that infringe the '664 and '279 Patents. Doc #20 at 13-14.

The infringement claims against Nintendo involve what the parties identify as the Hollywood chip. Doc #20 at 14; Doc #200-7 at 3. The Hollywood chip is a complex chip composed of multiple components designed or created by different entities, including ATI Technology, Inc ("ATI"). AMD acquired ATI in 2006 and thereafter obtained Floyd & Buss as outside counsel. Doc #248-2 at 2.

Kent Cooper was the Director of Patents and Licensing at AMD for almost seven years before joining Floyd & Buss as a partner in February 2009. Doc #242-4 at 3. During Cooper's time at AMD, a patent infringement suit involving the Hollywood chip, <u>Lonestar Inventions LP v Nintendo of America, Inc</u>, 6:07-cv-261 (ED Tex 2007)

("Lonestar") was filed. AMD and Nintendo were defendants in Lonestar and entered into a joint defense agreement ("JDA") for the duration of the Lonestar litigation.

Kevin O'Neil worked for AMD as in-house counsel during Lonestar and executed the JDA between Nintendo and AMD on behalf of AMD. Doc #200-3 (Exh 1) at 3. Through the JDA, O'Neil obtained access to Nintendo's litigation tactics, including drafts of briefs and settlement strategies. Id at 4-5. O'Neil declares that he shared this information with Cooper, who was his supervisor at AMD. Id at 3-5. Cooper stated that his involvement in Lonestar was limited to evaluating the infringement claim and the validity of the patent in suit and that he did not use confidential information from Nintendo in evaluating the case. Doc #242-4 at 5. Cooper further asserts that he does not remember receiving any of Nintendo's confidential information from O'Neil. Doc #242-4 at 6-8.

The JDA governed the exchange of confidential information in Lonestar and included an advance waiver provision. Doc #200-16 at 4. The pertinent provision of the JDA reads: "[t]he parties expressly acknowledge and agree that nothing in this Agreement, nor compliance with the terms of this Agreement by either party, shall be used as a basis to seek to disqualify the respective counsel of such party in any future litigation." Doc #200-16 at 4. The parties disagree whether the "either party" language is exclusive and applies only to future litigation between AMD and Nintendo or whether it extends to the counsel involved as individuals. See Doc #200 at 22; Doc #242 at 20.

3

**II**

The court applies California law to motions to disqualify counsel, <u>In re County of Los Angeles</u>, 223 F3d 990, 995 (9th Cir 2000), and has inherent authority to disqualify counsel appearing before it, <u>United States v Wunsch</u>, 84 F3d 1110, 1114 (9th Cir 1996); see also <u>Oaks Management Corp v Superior Court</u>, 145 Cal App 4th 453, 462 (Cal App 2006). A motion to disqualify is generally disfavored because it is disruptive to the litigation process and can be used as a tactical tool. <u>All American Semiconductor, Inc v Hynix Semiconductor, Inc</u>, 2008 WL 5484552 *4 (ND Cal Dec 18, 2008); <u>Oaks Management Corp</u>, 145 Cal App 4th at 462-63. Accordingly, the motion must be evaluated in the interests of justice and of preservation of public trust in the bar. <u>People ex rel Dept of Corporations v SpeeDee Oil Change Systems</u>, 20 Cal 4th 1135, 1145 (Cal 1999). A party's choice of counsel deserves respect, but the court must consider the effect of that choice on the judicial process. <u>SpeeDee Oil Change Systems</u>, 20 Cal 4th at 1145.

**A**

Before turning to the merits of Nintendo's motion to disqualify, the court must first determine whether Nintendo waived its right to bring the motion. SMG asserts that Nintendo cannot move to disqualify Floyd & Buss because of the advance waiver provision in the <u>Lonestar</u> JDA. The waiver reads:

> Nothing contained in this Agreement has the effect of transforming outside or inside counsel for either party into counsel for the other party, or of creating any fiduciary or other express or implied duties between a party or its respective counsel for the other party, or of creating any fiduciary or other express or implied duties between a party or its respective counsel and the other party or its

>respective counsel, other than the obligation to comply with the express terms of this Agreement, or of interfering with each lawyer's obligation to ethically and properly represent his or her own client. The parties expressly acknowledge and agree that nothing in this Agreement, nor compliance with the terms of this Agreement by either party, shall be used as a basis to seek to disqualify the respective counsel of such party in any future litigation.

Doc #200 Exh 14 ¶ 6.

An advance waiver need not anticipate all future potential conflicts to be valid and enforceable. Zador Corp v Kwan, 31 Cal App 4th 1285, 1301 (Cal App 1995); see also Maxwell v Superior Court of Los Angeles, 30 Cal 3d 606, 622 (Cal 1982), overruled on other grounds by People v Doolin, 45 Cal 4th 390 (Cal 2009). A waiver will not be enforced, however, if a party can show it was not fully informed of the "consequences of its conflicts waiver." Visa USA, Inc v First Data Corporation, 241 F Supp 2d 1100, 1106 (ND Cal 2003). Whether a waiver is informed is a fact-specific inquiry that considers: "(1) the waiver's breadth; (2) its temporal scope * * *; (3) the quality of the conflict discussion between attorney and client; (4) the specificity of the waiver; (5) the nature of the actual conflict * * *; (6) the sophistication of the client; and (7) the interests of justice." All American Semiconductor, 2008 WL 5484552 *10; see also Visa, 241 F Supp 2d at 1106.

The parties disagree regarding the proper interpretation of the Lonestar JDA waiver. Nintendo argues that the advanced waiver provision of the JDA does not apply to counsel for SMG, because the waiver protects only counsel for AMD and Nintendo when acting as counsel for AMD and Nintendo. Doc #248 at 13. According to Nintendo, a plain reading of the waiver makes clear that former

5

**United States District Court**
**For the Northern District of California**

counsel of AMD or Nintendo are not covered. Id. SMG counters that the waiver covers those who were counsel for AMD and Nintendo at the time the waiver was created regardless of their current clients; thus, according to SMG, Cooper is covered by the waiver because he was counsel AMD at the time the waiver was formed. Doc #242 at 20-21.

Applying the seven factors identified in All American Semiconductor here supports Nintendo's argument that the waiver was intended to be narrow. The companies executed the waiver to protect the interests of Nintendo and AMD. There is no evidence to suggest that the waiver contemplated covering attorneys who left their respective companies for new clients. The waiver provision contemplates conflicts between AMD and Nintendo as "either party," but it does not consider the possibility of conflicts arising outside the two companies. Doc #200-16 at 4. The court concludes that the waiver covers only counsel for AMD and Nintendo and the protections of the waiver do not remain with individual counsel who no longer represent AMD or Nintendo. Thus, the Lonestar JDA does not foreclose Nintendo's motion to disqualify Cooper for breach of confidentiality.

B

Nintendo bases its motion to disqualify Floyd & Buss on a substantial relationship between this case and Lonestar and argues disqualification will protect the confidential information Nintendo exchanged with AMD during Lonestar. A motion to disqualify may protect the "confidential work product of opposing counsel." Meza v H Muehlstein & Co, 176 Cal App 4th 969, 980 (2009). The court

6

looks to the source of the confidential information and, if the information was obtained during previous litigation, the court considers whether there is a substantial relationship between the prior and current matters.  <u>Morrison Knudsen Corp v Hancock, Rothert & Bunshoft, LLP</u>, 69 Cal App 4th 223, 234 (1999).  Disqualification may be proper when the attorney possesses the confidential information due to a former representation or where the attorney owes a non-client a duty of fidelity or is otherwise obligated to keep confidential information secure.  Id at 232.

The existence of a substantial relationship depends on "the similarities between the two factual situations, the legal questions posed, and the nature and extent of the attorney's involvement with the cases."  Id (citations omitted); see also <u>Trone v Smith</u>, 621 F2d 994, 998 (9th Cir 1980).  If a "substantial relationship between the subjects of the prior and current representations can be demonstrated, access to confidential information by the attorney * * * is presumed."  <u>Flatt v Superior Court of Sonoma County</u>, 9 Cal 4th 275, 283 (Cal 1994).  Thus, a party moving for disqualification need not show that opposing counsel actually possesses confidential information; possession is presumed when the prior and current matters are substantially related.  Id.

Nintendo argues that disqualification is appropriate because Cooper obtained Nintendo's confidential information during its representation of AMD during <u>Lonestar</u> and because <u>Lonestar</u> is substantially related to the current litigation.  See <u>Morrison Knudsen Corp</u>, 69 Cal App 4th at 234; Doc #200 at 17-19.  SMG disagrees.  Doc #242 at 26-27.

7

The court looks first to the similarities between Lonestar and the instant litigation. Both cases involve the Hollywood chip. The ATI/AMD portion of the chip was central to the Lonestar case. Doc #200 at 10-12. SMG argues that the instant case involves a different component of the Hollywood chip, but SMG's actions during the course of this litigation suggests that the entire Hollywood chip is at issue here. For example, in earlier filings SMG defined the infringing technology broadly as multiple components working together or as the "NEC/ATI 'Hollywood' GPU." Doc #200-7 at 3; Doc #248-6 at 5. After Nintendo filed the motion to disqualify, SMG attempted to redefine the infringing components of the Hollywood chip as exclusive of any ATI technology. See Doc #242 at 16, 28. SMG's efforts are unpersuasive. The court concludes that Lonestar and the instant litigation involve similar technology and legal questions: ATI technology in the Hollywood chip and whether the Hollywood chip infringes patented technology.

Next, the court turns to Cooper's involvement in both cases. Cooper was in-house counsel for AMD during Lonestar and is now an attorney of record for SMG. AMD and Nintendo worked together in Lonestar under the JDA to defend against allegations of infringement. Doc # 200-3 at 4; Doc #200-16. The relationship between AMD and Nintendo provided the basis for sharing confidential information.

The parties dispute Cooper's role during Lonestar and the extent to which Cooper had access to Nintendo's confidential information. Cooper declares that he evaluated the infringement claim and validity of the Lonestar patent but that he did not use

8

confidential material for either task. Doc #242-4 at 6-8. During Lonestar, Cooper supervised others, including Kevin O'Neil, who signed the JDA on behalf of AMD. Doc #200-16. O'Neil stated that he shared with Cooper confidential information about Nintendo's positions regarding the Hollywood chip, including possible settlement amounts, litigation strategies and mediation tactics. Doc #200-3 at 5-6. Cooper does not rebut the O'Neil declaration but instead states that he does not recall receiving any confidential information. Doc #242. Cooper's memory is irrelevant, however. Because Lonestar and the instant case involve the Hollywood chip, the court presumes Cooper had access to Nintendo's confidential information. The O'Neil declaration serves to bolster the court's presumption that Cooper in fact obtained Nintendo's confidential information. Cooper's direct or supervisory involvement in both cases favors disqualifying Cooper from representing SMG here.

        Whether an ethical wall could allow disqualification of the attorney but allow the firm to continue representing the adverse party is irrelevant here, as counsel for Floyd & Buss admitted at the September 2, 2010 hearing that they had not attempted to construct an ethical wall around Cooper. Lonestar and the instant case are substantially related. Accordingly, the conflict is imputed to the firm of Floyd & Buss. Because Floyd & Buss has access to Nintendo's confidential information, the firm is disqualified from representing SMG in the instant litigation. Accordingly, Nintendo's motion to disqualify is GRANTED.

\\
\\

**III**

Although the court has determined that Floyd & Buss may not represent SMG, the court turns briefly to Nintendo's second basis for its motion to disqualify Floyd & Buss. Nintendo argues that Floyd & Buss should be disqualified because of a conflict of interest arising from its simultaneous representation of SMG and AMD. SMG challenges Nintendo's standing to raise a motion to disqualify on these grounds.

A party moving to disqualify counsel must have standing to raise the issue. Colyer v Smith, 50 F Supp 2d 966, 971 n2 (CD Cal 1999); see also Fiedler v Clark, 714 F2d 77, 80 (9th Cir 1983). To have standing, a plaintiff must have suffered an "injury in fact" that is causally connected to the conduct complained of, and it can be "redressed by a favorable decision." Lujan v Defenders of Wildlife, 504 US 555, 560-61 (1992). Typically, a party moving to disqualify based on a conflict of interest must be either a current or former client of an attorney. Kasza v Browner, 133 F3d 1159, 1171 (9th Cir 1998) (citations omitted). An exception to this rule is suggested in Colyer, 50 F Supp 2d at 971-72. If an ethical breach is so egregious that it "so infects the litigation in which disqualification is sought that it impacts the moving party's interest in a just and lawful determination of her claims," the third party may have standing to challenge the representation. Id. The Ninth Circuit declined to decide the application of this exception when it was presented in Kasza, 133 F3d 1159, leaving the question undecided in this circuit.

The parties agree that Nintendo and Floyd & Buss do not have an attorney-client relationship. Nintendo's standing to bring

10

the motion thus turns on whether the conflict of interest between SMG and AMD is sufficiently egregious to invoke the <u>Coyler</u> exception, and the facts here suggest the <u>Coyler</u> exception does not apply. There is no evidence that SMG is attempting to use any conflict of interest to its advantage to infect the litigation. Nintendo does not, therefore, raise a "personal stake in the motion to disqualify sufficient to satisfy the 'irreducible constitutional minimum' of Article III." <u>Colyer</u>, 50 F Supp 2d at 971. Thus, the court determines that Nintendo lacks standing to bring a motion to disqualify based on the alleged conflict of interest between AMD and SMG.

IV

Nintendo's motion to disqualify Floyd & Buss as counsel for SMG is GRANTED. Doc #200. SMG's motions for leave to file a surreply, Doc #257, and for leave to file an additional declaration, Doc #261, are DENIED AS MOOT. Floyd & Buss is DIRECTED to serve a copy of this order on SMG. SMG is DIRECTED to inform the court in writing on or before December 31, 2010 whether it requires additional time to secure new counsel.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge