IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARED MEMORY GRAPHICS,<br><br>    Plaintiff,<br><br>  v.<br><br>APPLE INC., et al.,<br><br>    Defendants.<br>_____/ | No. C-10-2475 MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO SEVER AND STAY CASE AGAINST NINTENDO AND CLARIFY COURT'S DECEMBER 17 ORDER; DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OR CERTIFY FOR APPEAL; GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM UPCOMING CLAIM CONSTRUCTION AND DISCOVERY DEADLINES; DENYING NINTENDO'S MOTION FOR ORDER TO SHOW CAUSE RE: CONTEMPT; ORDERING PLAINTIFF TO SHOW CAUSE RE: SEVERANCE** |

    Before the Court are plaintiff Shared Memory Graphic's ("SMG") (1) "Amended Motion to Sever and Stay its Case Against Nintendo and Clarify the Court's December 17 Order," filed January 7, 2011; (2) "Motion for Leave to File a Motion for Reconsideration or Certify an Appeal," filed January 28, 2011; and (3) "Motion for Relief from Upcoming Claim Construction and Discovery Deadlines," filed January 12, 2011.[1]  Also before the Court is defendants Nintendo Co. Ltd. and Nintendo of America Inc.'s (collectively, "Nintendo") "Motion for an Order to Show Cause why Shared Memory and Floyd & Buss Should Not be

---

[1] On January 31, 2011, the above-titled action was reassigned to the undersigned.

held in Contempt," filed February 4, 2011. Nintendo has filed a combined opposition to SMG's motions, to which SMG has replied. SMG has filed opposition to Nintendo's motion, to which Nintendo has replied.[2] Having read and considered the papers filed in support of and in opposition to the motions, the Court hereby VACATES the hearing scheduled for March 11, 2011, and rules as follows.[3]

  1. SMG's motion to clarify the Court's Order disqualifying SMG's counsel, Floyd & Buss LLP ("F&B"), on grounds of conflict ("December 17 Order") is hereby DENIED. The subject order is clear on its face, and disqualifies F&B from representing SMG in the above-titled action. Contrary to SMG's argument, the Order cannot be reasonably interpreted as disqualifying F&B solely on its claims against Nintendo. Given the number of defendants against whom the action is brought, such a result would be, as a practical matter, unworkable, and, at a minimum, fraught with procedural difficulties.[4]

  2. SMG's motion for leave to file a motion for reconsideration of the December 17 Order is hereby DENIED. SMG has failed to show such leave is appropriate under any of the grounds specified in Civil Local Rule 7-9(b), and in particular, has failed to show a "manifest failure by the Court to consider material facts or dispositive legal arguments." See Civil L.R. 7-9(b)(3). Rather, SMG's motion, in violation of Civil Local Rule 7-9(c), merely repeats arguments previously considered and rejected by the Court. SMG's alternative motion to certify the December 17 Order for appeal likewise is DENIED, as SMG has failed to show such certification is warranted on any of the grounds provided under 28 U.S.C. § 1292(b). See 28 U.S.C. § 1292(b) (providing for certification of interlocutory

---

[2] By said filing, SMG also opposes Nintendo's "Motion to Compel Shared Memory to Comply with Disqualification Order," filed January 11, 2011. Nintendo's motion to compel was not renoticed for hearing after the case was reassigned, and thus is not before the Court at this time. (See Reassignment Order, filed Jan. 31, 2011.)

[3] SMG's motions to shorten time for hearing, filed January 31, 2011 and March 11, 2011, are hereby DENIED as moot.

[4] As set forth above, SMG now moves to sever Nintendo from the other defendants for the limited purpose of challenging the order of disqualification. Prior to the December 17 Order, SMG filed no motion for severance, either limited or general, or even suggested such possibility.

appeal where "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation").

3. Nintendo's motion for an order to show cause why SMG and F&B should not held in contempt is hereby DENIED. Although the December 17 Order, contrary to SMG's characterization thereof, was effective immediately upon its issuance and remains in effect unless and until such time as said order is stayed, vacated, or reversed, the Court accepts SMG and F&B's explanation that SMG and F&B were acting in good faith when F&B filed the above-referenced motions and took other action SMG believed did "not implicate the substance of Nintendo's alleged confidential information." (See Pl.'s Opp. at 10 n.2, 11:16-17.)

4. SMG's motion for relief from upcoming claim construction and discovery deadlines is hereby GRANTED. New deadlines will be set at the Case Management Conference currently set for April 29, 2011.

5. In light of the above, SMG's motion to sever its case against Nintendo and to stay such severed portion of the action to afford SMG time to move for reconsideration or to pursue an appeal is hereby DENIED. SMG is hereby ORDERED TO SHOW CAUSE, however, in writing and no later than April 1, 2011, why all named defendants other than Nintendo should not be dismissed for misjoinder. See Fed. R. Civ. P. 20(a)(2)(A) (providing, for permissive joinder, "if . . . right to relief is asserted against [defendants] . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" (emphasis added)); Fed. R. Civ. P. 21 (providing "court may at any time . . . drop a party" for misjoinder). Any such response shall be filed by counsel other than F&B.

**IT IS SO ORDERED.**

Dated:  March 4, 2011

MAXINE M. CHESNEY
United States District Judge