Grant Kinsel, Bar No. 172407
gkinsel@perkinscoie.com
Joseph Hamilton, Bar No. 211544
jhamilton@perkinscoie.com
Michael Song, Bar No. 243675
msong@perkinscoie.com
**PERKINS COIE LLP**
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721
Telephone: 310.788.9900
Facsimile 310.788.3399

Attorneys for **NINTENDO CO., LTD.**,
and **NINTENDO OF AMERICA INC.**

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SHARED MEMORY GRAPHICS, LLC** <br><br> *Plaintiff,* <br><br> *v.* <br><br> **APPLE INC.**, *et al.* <br><br> *Defendants.* <br><br> and **RELATED COUNTERCLAIMS** | Case No. 3:10-cv-02475 MMC (JSC) <br><br> **FOURTH SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT** |

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 16-9, Patent Local Rule 2-1, and the Court's July 8th Order (Dkt. # 430), Plaintiff Shared Memory Graphics LLC ("Shared Memory") and Defendants Nintendo of America Inc. and Nintendo Co., Ltd. (collectively, "Nintendo") submit this Fourth Supplemental Joint Case Management Statement. For the Court's convenience, the numbered paragraphs in this report correspond to the numbered items in this Court's Standing Order regarding Contents of Joint Case Management Statement.

The Plaintiff in this case is "Shared Memory" which refers to and includes Shared Memory Graphics, LLC.

The Defendant in this case is "Nintendo" which refers to and includes Nintendo of America Inc. and Nintendo Co., Ltd. Nintendo is to be treated as a single defendant, or "party," for purposes of the discovery limitations set forth below.

1.  <u>Jurisdiction</u>.  This Court has subject matter jurisdiction over this patent infringement action under 28 U.S.C. §§ 1331 and 1338(a). The parties are not contesting personal jurisdiction in this case. Venue is proper in this Court. Shared Memory served its original Complaint (Dkt. # 1) on Apple, Nintendo and Sony, and filed an Amended Complaint (Dkt. # 20) on Apple, Nintendo, Samsung, and Sony before this case was transferred from the Western District of Arkansas to this Court. Pursuant to a stipulation, Shared Memory's claims against Apple and Samsung, as well as Apple and Samsung's counterclaims against Shared Memory, have been dismissed with prejudice. (Dkt. # 395.) Pursuant to a stipulation, Shared Memory's claims against the Sony defendants, as well as the counterclaims of the Sony defendants against Shared Memory, have been dismissed with prejudice. (Dkt. # 447.) Nintendo has answered Shared Memory's Amended Complaint. (Dkt. ## 79 and 80.) Nintendo filed counterclaims.

(Dkt. ## 79 and 80.) Shared Memory has answered Nintendo's counterclaims. (Dkt. ## 107 and 108.)

2. <u>Facts</u>. Shared Memory now accuses Nintendo of infringing claim 6 of U.S. Patent No. 6,081,279 (the "'279 patent"). Defendant Nintendo claims that it does not infringe the '279 patent. Defendant Nintendo also claims that the patent-in-suit is invalid. The factual issues in dispute include whether the Defendant Nintendo's accused products infringe the patent-in-suit, whether any infringement was willful, the appropriate measure of damages, whether the asserted claim of the patent-in-suit is valid and enforceable, and whether equitable defenses such as laches or estoppel or other equitable defenses apply in this case.

3. <u>Legal Issues</u>. The disputed legal issues include claim construction, direct and indirect infringement, patent validity and enforceability, the applicability of asserted equitable defenses, and damages.

4. <u>Motions</u>.

On September 2, 2011, Magistrate Judge Corley issued an Order Granting in Part Defendants' Motion to Strike. (Dkt. # 445. hereinafter "Order.") Magistrate Judge Corley ordered that: (1) Shared Memory's infringement contentions relating to, among other things, the limitations "'data distribution bus' connecting the graphics accelerator to the on-chip frame buffer memory element for all remaining accused devices" are stricken without leave to amend; and (2) "the stay of discovery shall remain in effect until further court order." (Dkt. # 445 at 12:9–18.)

<u>Plaintiff's statement:</u>  Plaintiff Shared Memory intends to file objections to this order.  Furthermore, Shared Memory intends to move the Court for leave to serve further amended infringement contentions based on newly obtained information concerning the Nintendo accused products.

Defendant Nintendo presently intends to oppose Share Memory's motion for leave.

Also, former counsel for Shared Memory, the F&B firm, has been disqualified from this case. (Dkt. ## 335, 390.) Shared Memory has petitioned for a writ of mandamus with the U.S. Court of Appeals for the Federal Circuit, seeking review of this Court's orders related to the disqualification. (Dkt. # 397.) This matter is fully brief and is awaiting a ruling from the Federal Circuit.

Defendant Nintendo's request below for the court to *sua sponte* enter summary judgment against Shared Memory on all claims is without merit at least because it is premature. Discovery disputes in this case were referred to the Magistrate Judge Corley pursuant to 28 U.S.C. § 636(b)(1). (Unnumbered Docket Entry of May 23, 2011.) Shared Memory has the absolute right to move for reconsideration and/or *de novo* review of Magistrate Corley's Order and intends to do so. *See* 28 U.S.C. § 636(b)(1). Thus, Nintendo's request for summary judgment arising out of the Order prior to its reconsideration or review by this Court would be premature. Nintendo's request appears to be an attempt to turn the Order into a *de facto* summary judgment, even though such a judgment is clearly beyond the authority of a magistrate judge under the plain words of § 636(b)(1) and beyond the relief requested by Nintendo in its motion to strike.

Defendant Nintendo's statement:  In light of Magistrate Corley's Order striking portions of Shared Memory's infringement contentions without leave to amend and staying discovery, Nintendo requests that the court *sua sponte* enter judgment against Shared Memory on all claims in this action.

A party asserting patent infringement must prove that each and every limitation in the patent claim is found in the accused device.[1] Shared Memory cannot prove that any accused device includes the "data distribution bus" because Shared Memory's infringement contentions regarding that limitation have been stricken without leave to amend. So, summary judgment of non-infringement should be granted.[2]

It is proper for this Court to enter summary judgment *sua sponte*. As the Federal Circuit stated in *Koninklijke Philips Elecs. N.V. v. Cardiac Sci. Operating Co.*, "a district court in the Ninth Circuit may enter summary judgment (1) as long as the losing party has had a full and fair opportunity to present arguments and (2) the parties have no genuine dispute as to a material fact."[3]

Shared Memory has had a full and fair opportunity to present its arguments. Indeed, Shared Memory has fully briefed and then orally presented its arguments regarding its infringement contentions to two different Magistrates. Both Magistrates rejected Shared Memory's arguments in written opinions. Thus, the first requirement is satisfied.

Similarly, there is no genuine dispute of material fact. Shared Memory has been barred from presenting evidence of a data distribution bus, which is an undisputed requirement of each claim of the patents. As

---

[1] *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1320–21 (Fed. Cir. 2009) (reversing jury award of infringement because the accused device did not include every claim limitation).

[2] *See O2 Micro Int'l v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1369 (Fed. Cir. 2006) (affirming both (1) the preclusion of infringement theory and supporting evidence for failure to comply with the N.D. Cal. Patent Local Rules, and (2) the grant of summary judgment based on that preclusion).

[3] 590 F.3d 1326, 1332 (Fed. Cir. 2010).

such, the second requirement is satisfied, and the Court should enter summary judgment *sua sponte*.

5. <u>Amendment of Pleadings</u>. The parties previously agreed that the deadline for joining other parties and amending pleadings without leave of the Court was December 17, 2010.

6. <u>Evidence Preservation</u>.

In view of Magistrate Corley's Order of September 2, 2011 (Dkt. # 445), the Parties submit that scheduling order regarding evidence preservation is unnecessary at this time.

7. <u>Disclosures</u>. The parties have made their Rule 26(a)(1) initial disclosures. The parties have no objections to their respective initial disclosures.

8. <u>Discovery</u>

In view of Magistrate Corley's Order of September 2, 2011 (Dkt. # 445), the Parties submit that scheduling order regarding discovery is unnecessary at this time.

9. <u>Class Actions</u>. N/A

10. <u>Related Cases</u>. None.

11. <u>Relief</u>.

<u>Plaintiff's statement:</u> Shared Memory is seeking damages for patent infringement pursuant to 35 U.S.C. § 284, including not less than a reasonable royalty. At present, Nintendo has not provided any discovery regarding their sales of their accused products. Therefore, Shared Memory cannot estimate its damages under section 284. Shared Memory also is seeking injunctive relief.

<u>Defendant Nintendo's statement:</u> In view of Magistrate Corley's Order of September 2, 2011 striking portions of Shared Memory's infringement contentions and staying discovery (Dkt. # 445), Nintendo

intends to move to have this case found exceptional under 35 U.S.C. § 285 and for sanctions under 35 U.S.C. § 285 and/or Rule 11 of the Fed.R.Civ.P.

12. <u>Settlement and ADR</u>. Shared Memory and Nintendo have had no settlement discussions.

<u>Plaintiff's statement:</u> Shared Memory proposes that the parties should continue to discuss settlement. To that end, and pursuant to ADR Local Rules, the parties propose participating in a non-binding mediation in line with ADR Rule 6. The parties agree to participate in such mediation within 50 days of the claim construction order.

<u>Defendant Nintendo's Statement:</u> In view of Magistrate Corley's Order of September 2, 2011 striking portions of Shared Memory's infringement contentions and staying discovery (Dkt. # 445), Nintendo submits that including settlement and ADR in the scheduling order is unnecessary.

13. <u>Consent to Magistrate Judge for All Purposes</u>. The parties do not consent to referral of this case to a magistrate judge for all further proceedings.

14. <u>Other References</u>. None.

15. <u>Narrowing of Issues</u>. None.

16. <u>Expedited Schedule</u>. See Paragraph 17.

17. <u>Scheduling</u>.

<u>Plaintiff's statement:</u> Before entering any detailed Case Schedule, the Court should first rule upon Plaintiff's anticipated objections to Judge Corley's Order Granting in Part Defendants' Motion to Strike (Dkt. # 445) and Plaintiff's anticipated motion for leave to amend its infringement contentions. Shared Memory proposes that the Court hold a further status conference at the Court's convenience in December of 2011 or January of 2012.

Joint statement:  All parties submit that a case schedule is not necessary at this time.

18.     Trial.  Defendants have requested a trial by jury.

Disclosure of Non-Party Interested Entities or Persons.  Pursuant to Civil Local Rule 16-9 and paragraph 19 of the Standing Order for All Judges of the Northern District of California - Contents of Case Management Statement, the parties hereby restate the contents of their Civil L.R. 3-16 statements.  Shared Memory's Certification of Non-Party Interested Entities or Persons states that "Shared Memory Graphics LLC owns the patents-in-suit. Shared Memory Graphics LLC is a wholly-owned subsidiary of Acacia Research Group LLC (formerly Acacia Patent Acquisition LLC). Acacia Research Group LLC is a wholly-owned subsidiary of Acacia Research Corp. Chitranjan N. Reddy has a financial interest in the subject matter of this controversy. The law firms of F&B LLP, Shartsis Friese LLP, and Patton, Tidwell, & Schroeder, LLP may have an interest in this controversy." Nintendo's Certification of Non-Party Interested Entities or Persons states that "Nintendo of America Inc. discloses pursuant to Federal Rule of Civil Procedure 7.1 that its parent corporation is Nintendo Co., Ltd. Nintendo Co., Ltd., whose stock is publicly traded in Japan, owns 100% of Nintendo of America Inc."

19.     Other Matters.

In view of Magistrate Corley's Order of September 2, 2011 (Dkt. # 445), the Parties submit that there are no "other matters" for the Court to consider at this time.

///

///

///

September 9, 2011

**PERKINS COIE LLP**

By: /s/ *Grant Kinsel*
Grant Kinsel, Bar No. 172407

Attorneys for **NINTENDO CO., LTD**, AND **NINTENDO OF AMERICA INC.**

**COLLINS, EDMONDS & POGORZELSKI, PLLC**

By: /s/ *Henry Pogorzelski*
Henry Pogorzelski (*pro hac vice*)

Attorney for **SHARED MEMORY GRAPHICS, LLC**