HENRY POGOROZELSKI (admitted *pro hac vice*)
COLLINS, EDMONDS
AND POGORZELSKI, PLLC
1515 S. Voss Rd., Suite 125
Houston TX 77057
Tel.: 281-501-3425
Fax: 832-415-2535

DAVID A. MAKMAN (Bar #178195)
LAW OFFICES OF DAVID. A. MAKMAN
90 New Montgomery Street, Suite 600
San Francisco, CA 94105
Telephone: (888) 497-5104
Facsimile: (415) 777-8638


Attorneys for Plaintiff
SHARED MEMORY GRAPHICS LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHARED MEMORY GRAPHICS LLC,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., ET AL.,<br><br>Defendants. | Case No. C-10-02475 MMC (EMC)<br><br>NOTICE OF MOTION AND MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE<br><br>Hearing Date and time: TBD<br><br>Judge: The Honorable Maxine M. Chesney |

PLEASE TAKE NOTICE THAT, pursuant to the Court's Order of September 16, 2011, Plaintiff Shared Memory Graphics ("SMG") will and hereby does object to the Magistrate's September 2, 2011 Order in this action, Dkt. No. 445, (the "Magistrate's Order") in which the Magistrate struck SMG's preliminary infringement contentions without leave to amend.  SMG's objections are based on the facts and authorities set forth in this paper along with any supplemental facts or authorities presented in subsequent papers according to the briefing schedule set by the Court. Shared Memory Graphics requests a hearing on these objections and the objections will be addressed at a hearing at such time and place as the Court orders, should the Court determine that such a hearing is appropriate.

## I. INTRODUCTION

At a hearing on September 16, 2011, this Court ordered (and the parties agreed) that Plaintiff  Shared Memory Graphics should file a paper identifying its objections to the Magistrate's September 2, 2011 Order in this action, Dkt. No. 445, in which the magistrate struck SMG's preliminary infringement contentions without leave to amend.  The Court further ordered (and the parties agreed) that the initial briefing should only address the procedural issue of identifying the standard that applies to the Article III Judge's review of Plaintiff's objections to the Magistrate's Order, and that the legal and factual merits of the objections should be addressed in subsequent briefing once the Court determines the appropriate standard of review.  Therefore, this motion is being filed without prejudice to SMG's right to make legal and factual arguments in subsequent papers on whatever schedule the Court orders.  *See*, Dkt. No. 449 (minute entry from Status Conference memorializing the above.)

Pursuant to the above and based on 28 U.S.C. § 636 and Civil Local Rule 72-3, SMG respectfully requests *de novo* determination of the Magistrate's Order.  SMG respectfully submits that, based on the authority cited below and for the reasons stated below, SMG is entitled to *de novo* review of the Magistrate's Order, because that order has dispositive effect in the action.

As a result of the Magistrate's Order, SMG's proper infringement contentions appear to have been eliminated from this case.  If the court does not overrule the Magistrate's Order, SMG will have been denied its day in court--all because it did not wish to spend the near one million

| | |
|---|---|
| 1 | dollars or so that it would cost to reverse-engineer defendant Nintendo's products to a level of |
| 2 | detail that would satisfy Nintendo.  The situation is especially disturbing because, from a |
| 3 | technical standpoint, there is no doubt that the infringing data distribution bus is present in the |
| 4 | accused products and that it is exactly where SMG identified it.   Rather than permitting Nintendo |
| 5 | to avoid litigation on the merits by feigning ignorance of the structure of its own products,[1] the |
| 6 | Court should overrule the Magistrate's Order, permit at least limited discovery and let the case |
| 7 | proceed as to Claim 6 of the '279 Patent. |

**II. PROCEDURAL HISTORY**

On November 2, 2010, Defendant Nintendo moved to compel supplemental responses to SMG's infringement contentions.  (Dkt. No. 295.)  Nintendo argued (1) that SMG was simply speculating as to whether or not there is a data distribution bus in their product, (2) that it was SMG's duty to specifically identify the data distribution bus, (3) that SMG did not properly disclose its infringement theory as to the  "selectively distributes," "fast-and-slow-moving-images," or "refresh frequency" limitations, and (4) that SMG is not entitled to discovery regarding how Nintendo's products work.

On November 17, 2010, SMG filed its opposition.  (Dkt. No. 312.)  SMG responded by showing that it had adequately identified the location of the data bus and that it had adequately identified the memory refresh limitations.

On December 30, 2010, Magistrate Judge Chen granted the Motion to Compel.  (Dkt. No. 346.)  With regards to SMG's infringement contentions against Nintendo, then-Magistrate Judge Chen ruled that the contentions failed to identify the bus claim limitation of Claim 3 of the patent. He further ruled that the contentions were "inadequate inasmuch as Plaintiff contends it need not provide specific contentions for elements modified by a "wherein" clause."

---

[1] Nintendo's claim that SMG has not sufficiently identified the data distribution bus of Claim 6 appeared to be based on based on its own subjective claim construction.  A bus is nothing more than a connection or series of connections between components.  Here, SMG has identified the components and said that the bus is the connections between those components.  As such, Nintendo knows exactly which components SMG has identified as the data distribution bus in connection with Claim 6 of the '279 Patent.  Any claim by Nintendo that they can't figure understand SMG's infringement contentions from SMG's preliminary infringement contentions is disingenuous.

PLAINTIFF'S MOTION FOR DE NOVO REVIEW OF
MAGISTRATE'S ORDER

| | |
|---|---|
| 1 | On January 31, 2011, the case was re-assigned to Judge Chesney. (Dkt. No. 370.) |
| 2 | On June 13, 2011, SMG filed amended infringement contentions. (Dkt. No. 416.) These |
| 3 | contentions were filed by new counsel that was brought into the case after SMG's original |
| 4 | counsel was disqualified. |

On January 31, 2011, the case was re-assigned to Judge Chesney. (Dkt. No. 370.)

On June 13, 2011, SMG filed amended infringement contentions. (Dkt. No. 416.) These contentions were filed by new counsel that was brought into the case after SMG's original counsel was disqualified.

On June 24, 2011, Nintendo moved to strike SMG's amended infringement contentions. (Dkt. No. 419.) In their motion, Nintendo again argued (1) that SMG was simply speculating as to whether or not there is a data distribution bus in their product, (2) that it was SMG's duty to specifically identify the data distribution bus, (3) that SMG did not properly disclose its infringement theory as to the "selectively distributes," "fast-and-slow-moving-images," or "refresh frequency" limitations, and (4) that SMG is not entitled to discovery regarding how Nintendo's products work.

On June 28, 2011, the motion was referred to Magistrate Judge Corley. (Dkt. No. 423.)

On August 25, 2011, Magistrate Judge Corley held a hearing on the motion to strike. (Dkt. No. 443.)

On September 2, 2011, Magistrate Judge Corley issued an order, granting Nintendo's Motion to Strike without leave to amend. (Dkt. No. 445.) With regard to the "selectively distributes" and "sequence frequency" claim limitations, the Magistrate was "not fully persuaded that SMG was required to submit" further evidence to comply with the local patent rules. (*See*, Dkt. No. 443 at 11.) Therefore, she made her ruling solely on the purported failure of SMG to identify a "data distribution bus" connecting the "on-chip and off-chip frame buffer memory." (See Dkt. No. 445 at 6-9.)

On September 16, 2011, the Court held a Case Management Conference and with the agreement of the parties, set a schedule for briefing these objections. (Dkt. No. 449.)

### III. STATEMENT OF OBJECTIONS

This abbreviated statement of objections is made with the understanding from the Court during the Case Management Conference of September 16, 2011 that after the Court rules on the

appropriate standard of review for the Magistrate's Order, the parties will be given an additional opportunity to more expansively brief their merits of plaintiff's objections.

SMG's claim charts comply with Patent L.R. 3-1(c) and the previous order of then Magistrate Judge Chen (Dkt.. No. 346). SMG's claim charts specify with sufficient particularity where the two disputed "data distribution bus" claim limitations are found in the accused Nintendo products. SMG is not required at this time to marshal evidence or proof of the recited data distribution bus elements in the accused devices, and it was error for the Magistrate's Order to so have ruled. *See, e.g., Renesas Tech. Corp. v. Nanya Tech. Corp.*, No. C03-05709, 2004 WL 2600466, at * 5 (N.D. Cal. Nov. 10, 2004) ("PICs need not provide support for a party's claims, and are 'merely designed to streamline the discovery process"). Moreover, even though SMG is not required to supply evidentiary proof of the presence of the data distrubution bus in the accused devices, SMG has recently obtained additional evidence that confirms the existence of the bus. The new evidence does not change the location where SMG contends that the recited claim elements are found; it simply confirms the existence of the bus elements in the face of Defendant's denials.

Accordingly, SMG hereby respectfully objects to the Magistrate's Order to the extent that it strikes SMG's infringement contentions with respect to claim 6 of the '279 patent and (1) the "data distribution bus" connecting the graphics accelerator to the on-chip frame buffer memory for accused Nintendo GameCube and Wii; and (2) the "data distribution bus" connecting the graphics accelerator to the off-chip frame buffer memory for the accused Nintendo Wii.

**IV.     ARGUMENT: SMG IS ENTITLED TO DE NOVO REVIEW OF THE MAGISTRATE'S ORDER**

The text of 28 U.S.C. § 636 and Civil L.R. 72-3 make clear that, SMG is entitled to *de novo* review, SMG if the Magistrate's Order has dispositive effect and therefore qualifies as a

"dispositive" ruling within the meaning of 28 U.S.C. § 636. SMG respectfully submits that the ruling is analogous to a dismissal or summary judgment order because it would have the functional effect of eliminating some of SMG's infringement contentions. Therefore, SMG is entitled to *de novo* review.

The appropriate statutory analysis is set forth in *Masionville v. F2 Am., Inc.*, 902 F.2d 746, 747-748 (9th Cir. 1990).[2] In that case, the Ninth Circuit considered what standard of review to apply when a Magistrate Judge issues sanctions pursuant to F.R.Civ.P. 11. The analysis in *Masionville* is quite straightforward. First, the Ninth Circuit noted that F.R.Civ.P. 72(a) defines non-dispositive matters as those "pretrial matters not dispositive of a claim or defense of a party." Next, the Ninth Circuit went to the Federal Magistrates Act codified at 28 U.S.C. §§ 604, 631-639 and 18 U.S.C. §§ 3060, 3401-3402 and noted that section 636(b)(1)(A) provides a non-exhaustive list of motions which may not be determined by a magistrate. Accordingly, the Ninth Circuit ruled "any motion not listed, *nor analogous* to a motion listed in this category, falls within the non-dispositive group of matters which a magistrate may determine," *Masionville*, 902 F.2d 746 at 748 (emphasis added). Here, the magistrate granted a motion to strike which has the effect of an order to dismiss or for summary judgment. It is therefore is analogous to the dispositive motions listed in the statute.

A similar result was reached in the tenth circuit in *Vogel v. United States Office Prods. Co.*, 258 F.3d 509, 517-518 (6th Cir. 2001). In *Vogel*, the court explicitly states that the correct approach to determining whether a magistrate's order is dispositive is to look at the functional effect of the order. *Id.* The *Vogel* case is helpful because it articulates the functional effect test that should govern here. Nintendo may argue that these cases do not apply because *Maisonville* dealt with Rule 11 sanctions, while *Vogel* is a Tenth Circuit case and dealt with a remand order, while we are dealing with a order striking discovery contentions. However, the reasoning in the

---

[2] For other Ninth Circuit decisions that address this issue, see *United States v. Rivera-Guerrero*, 377 F.3d 1064 (9th Cir. 1004) (indicating that the list of motions in 28 U.S.C. § 636 is not exhaustive) and *McKeever v. Block*, 932 F.2d 795 (9th Cir. 1990) (stating "with respect to dispositive matters, a magistrate is only permitted to make recommendations for final disposition by an Article III judge who reviews his findings and recommendation, if objected to, *de novo*.")

*Vogel* is persuasive, and its articulation--that the court should look at the "functional effect" of the order in deciding whether or not it is dispositive--is not meaningfully different from the Ninth Circuit's analysis in *Maisonville.* For another example of a court considering the difference between dispositive orders and non-dispositive orders, see *Yang v. Brown University,* 149 F.R.D. 440 (D. R.I. 1993). In *Yang*, the court decided to grant *de novo* review of the discovery sanctions ordered in that case (preclusion of evidence under Rule 37) because the magistrate's order would have had a dispositive effect on the case. Similarly, in *Ocelot Oil Corp. et. al. v. Sparrow Industries et al.,* 847 F.2d 1458 (10th Cir. 1983) the court ruled that a discovery order striking pleadings was a dispositive motion under 28 U.S.C. § 636.

Nintendo apparently intends to argue that the Magistrate's Order is simply a discovery order, and that, because a separate order is needed to effect dismissal of the case, the order is non-dispositive. This argument is contrary to the authority cited above and would effectively permit a magistrate to dispose of a case without substantive review by an Article III judge. SMG has not seen the cases that Nintendo intends to rely on and respectfully reserves the right to respect leave to file a reply once it has seen Nintendo's argument and authorities.

- 7 -
PLAINTIFF'S MOTION FOR DE NOVO REVIEW OF
MAGISTRATE'S ORDER

1  The Magistrate's Order strikes SMG's infringement contentions and denies SMG leave to amend. As such, the Magistrate's Order has the functional effect of dismissing infringement claims or putting Nintendo in a position to obtain summary judgment of non-infringement. In that regard, there can be little doubt that the order has dispositive effect in that Nintendo explicitly requested that the court *sua sponte* grant summary judgment of non-infringement based on the Magistrate's Order. That request was made in Nintendo's Case Management Statement (Dkt. No. 446) at 5. As such, there can be no doubt that Nintendo is treating the order as having dispositive effect.

## III.  CONCLUSION

The court should review the merits of SMG's objections *de novo* as required by 28 U.S.C. § 636(1)(B).

September 16, 2011

          Law Offices of David Makman

          By:  /s/  David A. Makman    /s/

            David A. Makman

          Attorney for Shared Memory Graphics, LLC