**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARED MEMORY GRAPHICS, LLC,<br><br>　　　　　Plaintiff,<br>　v.<br><br>APPLE INC., et al.,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　／ | No. C 10-2475 MMC<br><br>**ORDER GRANTING SHARED MEMORY GRAPHICS' MOTION FOR DE NOVO DETERMINATION OF MATTER REFERRED TO MAGISTRATE; SETTING SCHEDULE FOR FURTHER BRIEFING** |

Before the Court is the "Motion for De Novo Determination of Dispositive Matter Referred to Magistrate" ("Motion"), filed September 16, 2011 by plaintiff Shared Memory Graphics LLC ("SMG"), by which SMG sets forth its position with respect to the standard of review applicable to the Order Granting in Part Defendants' Motion to Strike ("Order"), issued September 2, 2011 by Magistrate Judge Jacqueline Scott Corley. Defendants Nintendo Co., Ltd. and Nintendo of America Inc. (collectively, "Nintendo") have filed opposition.[1] Having read and considered the parties' respective written submissions, the Court deems the matter appropriate for decision thereon, and rules as follows.

**BACKGROUND**

In this patent infringement dispute, SMG contends Nintendo infringes Claim 3 of

---

[1] In light of the findings made herein, SMG's motion for leave to file a reply as to the standard of review (Dkt. No. 453) is hereby DENIED as moot.

U.S. Patent No. 5,712,664 and Claims 2, 6, and 8 of U.S. Patent No. 6,081,279. The patents claim to rectify a bandwidth shortcoming in art graphics systems for display in video games by dividing frame-buffer memory such that one part is on the same chip as the graphics accelerator while the other part is on a separate chip; the two parts communicate with the graphics accelerator via a "data distribution bus." (See Order at 2:2-17.) The parties agree that each claim at issue requires a data distribution bus connecting the on-chip and off-chip frame-buffer memory elements to a graphics accelerator. (See id. at 2:18-20.)

Upon transfer of the above-titled case to the Northern District of California, the Patent Local Rules of the Northern District became applicable. (See Dkt. No. 187.) Under the Patent Local Rules, plaintiffs in patent cases are required to file a "Disclosure of Asserted Claims and Infringement Contentions," which Disclosure must "contain . . . [a] chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality."[2] See Patent L.R. 3-1(c). SMG provided Nintendo with its original infringement contentions on September 19, 2010, and an amended version on October 1, 2010. (See Dkt. No. 296 (Kinsel Decl.).) On December 30, 2010, then Magistrate Judge Edward M. Chen held SMG's "claim charts fail[ed] to specifically identify the display data distribution bus limitation in Defendants' products." (See Dkt. No. 346 at 5:11-12 (footnote omitted).) Judge Chen further held that "[r]ather than provide a meaningful description of its theories, SMG's vague contentions and conclusory statements invite[d] Defendants and the Court merely to assume the presence of a data distribution bus." (See id. at 6:2-4 (emphasis in original).) Pursuant to Judge Chen's order, SMG filed amended infringement contentions on June 13, 2011. (See Dkt. Nos. 415, 416.)

By her Order, Magistrate Judge Corley granted Nintendo's motion to strike, without leave to amend, SMG's second amended infringement contentions relating to the data distribution bus (see Order at 12:9-16), holding said contentions failed to "compl[y] with

---

[2] "Accused instrumentality" is defined as "each accused apparatus, product, device, process, method, act, or other instrumentality." See Patent L.R. 3-1(b).

Judge Chen's order that SMG identify which circuitry in the GameCube and Wii (for Nintendo) . . . constitute the data distribution bus that connects the on-chip and off-chip frame buffer memory to the graphics accelerator" (see id. at 6:20-24).

SMG objects to Magistrate Judge Corley's Order and moves for a determination that the Order will be reviewed de novo under 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure.

**DISCUSSION**

**A.    Standard of Review**

The standard of review to be used by a district court judge when reviewing a magistrate judge's order is set forth in the Federal Magistrates Act and the Federal Rules of Civil Procedure. See 28 U.S.C. § 636; Fed. R. Civ. P. 72. The applicable standard is dependant upon whether the magistrate judge's order is characterized as dispositive or non-dispositive of a claim or defense. See Fed. R. Civ. P. 72; Maisonville v. F2 America, Inc., 902 F.2d 746, 747 (9th Cir. 1990).

When the order is dispositive, the district court reviews such order "de novo." See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). When the order is non-dispositive, the district court reviews for "clear error." See Maisonville, 902 F.2d at 748; Fed. R. Civ. P. 72(a) (providing district court may "modify or set aside" order "not dispositive of a party's claim or defense," where such order is "clearly erroneous or . . . contrary to law"). Section 636 sets forth a list of dispositive motions, which list includes motions for involuntarily dismissal and motions for summary judgment. See 28 U.S.C. § 636(b)(1)(A).[3] The list, however, is not exclusive, but, rather, "can be expanded to include other analogous motions as well." See United States v. Rivera-Guerrero, 377 F.3d 1064, 1068 (9th Cir.

---

[3] Pursuant to § 636(b)(1)(A):

> [A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

3

2004).  "[A]ny motion not listed, nor analogous to a motion listed in [28 U.S.C. § 636(b)(1)(A)], falls within the non-dispositive group of matters which a magistrate may determine."  See Maisonville, 902 F.2d at 748.

**B.     Magistrate Judge Corley's Order**

SMG argues the de novo standard of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) applies here for the reason that "the ruling is analogous to a dismissal or summary judgment order because it would have the functional effect of eliminating some of SMG's infringement contentions."  (See Mot. at 6:1-4.)  Nintendo, while noting the Order "will affect Shared Memory's case" (see Opp. to Shared Memory's Request for De Novo Review, filed September 30, 2011 at 1:21-22 ("Opposition")), argues the clear error standard of Rule 72(a) applies because "the order did not dismiss Shared Memory's claims or enter summary judgment against Shared Memory."  (See id. at 1:22-23.)

Although, as Nintendo points out, discovery sanctions ordinarily are not considered dispositive, it is the effect of any such order that ultimately determines its character.  See Rivera-Guerrero, 377 F.3d at 1068 (holding, in determining whether magistrate judge's order is dispositive, courts "must look to the effect of the motion").  Here, as Nintendo further notes, "the effect of Magistrate Corley's order is undisputed: Shared Memory cannot offer any evidence that . . . the accused devices have a data distribution bus connected to an on-chip frame buffer."  (See Opp. at 16:21-17:2.)  In other words, Nintendo effectively concedes that SMG, under the Local Rules of this District, is precluded as a matter of law from offering any evidence on the issue of infringement.

Under such circumstances, the effect of the Order is dispositive of the entirety of SMG's case, and, as such, must be reviewed de novo.  See, e.g., Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1462 (10th Cir. 1998) (holding discovery sanction striking claims against two of three defendants dispositive because "sanction ha[d] the effect of dismissing [plaintiff's] action"); Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1065 (2d Cir. 1979) (holding recommended discovery sanction precluding plaintiff from offering evidence on damage claim "was, of course,

4

tantamount to a dismissal of [plaintiff's] damage claim"); see also United States Fidelity and Guar. Co. v. Thomas Solvent Co., 132 F.R.D. 660, 665 (W.D. Mich. 1990) (holding magistrate's order realigning parties dispositive where effect of order was destruction of diversity jurisdiction, thus requiring dismissal); Hunt Energy Corp. v. Crosby-Mississippi Res., Ltd., 732 F. Supp. 1378, 1389 n.18 (S.D. Miss. 1989) (holding magistrate's denial of motion to amend to assert compulsory counterclaim dispositive because effect was to "forever bar defendants' recovery from plaintiff on that claim").

To the extent Nintendo takes the position that any order requiring an additional step to effectuate a disposition is, ipso facto, non-dispositive, such argument is contrary to the above-cited authorities, and Nintendo's reliance on McColm v. Restoration Grp., Inc., No. 2:06-cv-2707-MCE-EFB-PS, 2007 WL 1468992 (E.D. Cal. May 17, 2007), is misplaced. In McColm, the district court found a magistrate's order entering default would have been non-dispositive. As the district court observed, however, entry of default does not necessarily lead to entry of a default judgment, any such subsequent order being discretionary and based on a number of different considerations. See id. at *1 (noting default judgment is "solely within the district court's discretion to grant or deny"). Here, by contrast, if the Order stands as issued, this Court will have no discretion to deny summary judgment in favor of Nintendo; rather, this Court must, as a matter of law, enter judgment for Nintendo.

To the extent Nintendo argues the instant Order is the equivalent of orders found non-dispositive in other discovery cases, Nintendo's argument likewise fails. In each of those cases, the party against whom sanctions were ordered was not precluded from going forward as a legal matter, and could have gone forward on other evidence if available. (See Opp. at 11:9-16:17); see also, e.g., Jesselson v. Outlet Associates of Williamsburg Limited Partnership, 784 F. Supp. 1223, 1228 (E.D. Va. 1991) (holding magistrate's order excluding certain documentary evidence non-dispositive; noting although "exclusion of certain evidence can substantially effect a party's ability to present its case," magistrate's order "only appear[ed] dispositive because Plaintiffs [did] not have any additional admissible evidence to present"). Here, by contrast, the Order directly and as a matter of

5

law precludes the introduction of <u>any</u> evidence on the claim of infringement. Such an order goes beyond the ordinary scope of discovery orders and becomes dispositive.

**CONCLUSION**

For the reasons stated above:

1. SMG's motion for de novo review of Magistrate Judge Corley's Order is hereby GRANTED.

2. SMG shall file its briefing on the merits of its objection by November 18, 2011.

3. Nintendo shall file its response to SMG's briefing on the merits by December 2, 2011.

**IT IS SO ORDERED.**

Dated: November 2, 2011

MAXINE M. CHESNEY
United States District Judge